

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2003

# Bassett v. Rent A Ctr

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4442

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Bassett v. Rent A Ctr" (2003). *2003 Decisions.* Paper 107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4442

_____

MARSOREEZ BASSETT,

Appellant

v.

RENT-A-CENTER;
NICHOLAS FINELLI

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 99-cv-06140)
District Judge:  The Honorable Stephen M. Orlofsky

_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2003

BEFORE: SCIRICA, Chief Judge, NYGAARD, and AMBRO, Circuit Judges.

(Filed November 14, 2003)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Marsoreez Bassett appeals the District Court's order of summary judgment in favor of Appellees Rent-A-Center ("RAC") and Bassett's supervisor, Nicholas Finelli.  Bassett sued RAC and Finelli alleging wrongful termination based on disability and race discrimination.  In granting summary judgment, the District Court held: (1) Bassett could not assert a disability discrimination claim premised on a personality test because he is not disabled, and (2) Bassett failed to make out a prima facie case of race discrimination under the New Jersey Law Against Discrimination ("NJLAD").  We will affirm.

## I.  FACTS AND PROCEDURAL HISTORY

Because the facts are known to the parties, we review them only briefly. Bassett, an African American male, applied for a job with RAC in 1997.  As part of the application process RAC required Bassett to take a personality profile test.[1]  Bassett was hired on January 28, 1997 as an entry-level Account Manager.  In late March of 1997, Bassett took another personality profile test at RAC's request.  The test showed that Bassett's mental skills were better than 99% of the population, but indicated that he suffered from depression and dependency.

---

1.      Bassett calls the test the Minnesota Multi-Phasic Personality Inventory ("MMPI"), while RAC calls the test a Management Trainee-Executive Profile test. We will not pass judgment on the appropriate nomenclature, but will refer to the test generically as a personality profile test.

Over his time at RAC, Bassett accumulated a satisfactory employment record including promotions from entry-level Account Manager to Inside/Outside Manager to Executive Assistant Manager to Store Manager. When his store came under new supervision—the supervisory position formerly held by an African American male was filled with a Caucasian male—Bassett alleges he was targeted for termination. On March 22, 1999, RAC terminated Bassett, allegedly because of an inventory discrepancy amounting to $7000 that Bassett left unresolved for three months.

On November 6, 2002, the District Court granted summary judgment on behalf of RAC. In its opinion, the Court admonished Bassett for misstating evidence. Bassett appeals the summary judgment order and this Court has jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

A.        Standard of Review

This Court has plenary review of the District Court's decisions to grant summary judgment. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 602-03 (3d Cir. 2002). The Court takes the facts in the light most favorable to the non-moving party and must grant summary judgment if there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

B.        ADA/NJLAD Inquiry Claim

3

Bassett contests the District Court's holding that he cannot assert a disability discrimination claim under the Americans with Disabilities Act ("ADA") and the NJLAD because he is not disabled.

The ADA and NJLAD prohibit employers from using tests or questionnaires that are meant to, or that incidentally, result in discrimination against disabled individuals. *See* 42 U.S.C. § 12112(d); N.J.A.C. § 13:13-2.3(a) ("It is an unlawful employment practice for any employer . . . to make use of any employment test or other selection criterion that screens out . . . people with disabilities."). The District Court avoided the ultimate question of liability by finding that a non-disabled person lacks standing to challenge his employer's actions. *See, e.g.,* Dist. Ct. Op., App. at A29. Alternatively, courts have assumed *arguendo* that an employer is violating the statute, but held that the particular plaintiff has no recourse because he is unable to demonstrate injury based on the employer's action. *See, e.g., Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 519-20 (3d Cir. 2001); *Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 562 (5th Cir. 1998).

We will follow this Court's ruling in *Tice* that without an actual injury stemming from the violation, summary judgment for the employer is appropriate. 247 F.3d at 519-20. Bassett has shown no tangible injury from being subjected to the personality profile test. He cannot show a causal connection between the test and his termination. Two years elapsed between Basset taking the test and being terminated, with

4

three intervening promotions. Additionally, Bassett is unable to show that the individuals responsible for his firing even saw his test results. *See Tice*, 247 F.3d at 520 (noting that plaintiff "has not even identified a single person who improperly viewed his medical files"). As Bassett fails to demonstrate an injury, we refuse to let him maintain a suit against RAC on the alleged violation of the ADA and NJLAD.

We reach the same result as the District Court—that Bassett is not entitled to relief on his ADA/NJLAD claim—though we do so on the basis that Bassett is unable to demonstrate an injury stemming from the alleged violation. *Id.* Accordingly, we will affirm the District Court's order of summary judgment on behalf of RAC.

C.          Race Discrimination Claim

Bassett claims the District Court erred when it found he could not make out a prima facie case of race discrimination under the NJLAD, and even if he could make out a prima facie case, he could not show that RAC's race-neutral reasons for firing him were pretextual.

To make out a prima facie case of discriminatory discharge under the NJLAD, a plaintiff must show that (1) he is a member of a protected class, (2) he was performing his job at a level that met his employer's legitimate expectations, (3) he was terminated, and (4) he was replaced. *Clowes v. Terminix Int'l, Inc.,* 538 A.2d 794, 805 (N.J. 1988). The District Court held that Bassett's case was insufficient to meet the second prong, since RAC could legitimately expect its store managers to operate stores

5

without inventory discrepancies, or if inventory discrepancies arose, to resolve those problems within three months. We agree. Bassett's reference to his satisfactory work history and pattern of promotions to support his claim that he was meeting RAC's legitimate expectations is unavailing. RAC had a legitimate expectation that as a store manager Bassett would proactively avoid inventory discrepancies and quickly rectify any such errors.

Because we find that Bassett failed to make out a prima facie case of race discrimination, we do not need to shift the burden to RAC under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Were we to do so, however, we agree with the District Court that Bassett cannot show that RAC's race-neutral reasons for termination were pretextual.

### III. CONCLUSION

For the reasons set forth, we will affirm the District Court's order of summary judgment in favor of RAC.

_____

TO THE CLERK:

Please file the foregoing opinion.

 /s/ Richard Nygaard _____
 Circuit Judge